# EXHIBIT 1



FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

MAY 3 0 2023

BY_____ DEPUTY

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

ANGELA HUGHES, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

JOBBLE, INC.,

    Defendant.

Case No. CJ-2023-373

**Case assigned to:**
**Judge:** KHRISTAN K. STRUBHAR

CLASS ACTION

(JURY TRIAL DEMANDED)

## CLASS ACTION PETITION

Plaintiff Angela Hughes, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters.

### NATURE OF ACTION

1. Plaintiff brings this Class Action Complaint for legal and equitable remedies resulting from the illegal actions of Jobble, Inc. ("Defendant") in sending automated commercial telephonic sales calls, in the form of text messages, to her cellular telephone and the cellular telephones of numerous other individuals across Oklahoma, in clear violation of Oklahoma's Telephone Solicitation Act, Okla. Stat. tit. 15, § 775C.1, *et seq.* ("OTSA").

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this case. *See* Okla. Const. art. VII, § 7(c) (establishing that Oklahoma's district courts are courts of general jurisdiction).

3. Personal jurisdiction and venue are proper because Plaintiff resides within Canadian County, Oklahoma, because Defendant engaged in a telemarketing campaign through which it knowingly and intentionally directed numerous OTSA-violative text messages (which form the basis of Plaintiff's claims) into Canadian County, Oklahoma, including while she resided in Canadian County, Oklahoma, such that a substantial portion of the events alleged herein occurred, and the cause of action arose, within Canadian County, Oklahoma. *See* Okla. Stat. tit. 12, §§ 133.

## PARTIES

4. Plaintiff is a resident and citizen of Canadian County, Oklahoma. Plaintiff was at all times mentioned herein the regular user of the telephone number (405) \*\*\*-9020 (the "9020 Number").

5. Defendant Jobble, Inc. is a provider of an on-demand workforce management platform. Defendant is organized and incorporated under the laws of Delaware and maintains its corporate headquarters and principal place of business in Boston, Massachusetts.

## OKLAHOMA'S TELEPHONE SOLITITATION ACT OF 2022

6. "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

7. Thus, on May 20, 2022, to better protect its residents' privacy from intrusive calls and text messages, Oklahoma enacted the OTSA to prohibit, *inter alia*, the transmission of unsolicited sales calls and text messages to its residents' telephones. The statute became effective on November 1, 2022.

8.  The OTSA provides, in pertinent part: "A person may not make or knowingly allow a commercial telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Okla. Stat. tit. 15, § 775C.3(A).

9.  "Called party" is defined as "a person who is the regular user of the telephone number that receives a commercial telephonic sales call." *Id.* § 775C.2(1).

10. "Prior express written consent" is defined, in pertinent part, as "a written agreement that . . . [b]ears the signature of the called party[,] [c]learly authorizes the person making or allowing the placement of a commercial telephonic sales call by telephone call [or] text message . . . to deliver or cause to be delivered to the called party a commercial telephonic sales call using an automated system for the selection or dialing of telephone numbers[,] . . . [i]ncludes the telephone number to which the signatory authorizes a commercial telephonic sales call to be delivered[,] and [i]ncludes a clear and conspicuous disclosure informing the called party that":

> By executing the agreement, the called party authorizes the person making or allowing the placement of a commercial telephonic sales call to deliver or cause to be delivered a commercial telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers . . . ; and
>
> He or she is not required to sign the written agreement directly or indirectly or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

*Id.* § 775C.2(3); *see also id.* § 775C.2(4) ("'Signature' includes an electronic or digital signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law.").

11. "There is a rebuttable presumption that a commercial telephonic sales call made to any area code in this state is made to an Oklahoma resident or to a person in this state at the time of the call." *Id.* § 775C.3(D).

12. A called party who is aggrieved by a violation of the OTSA may bring an action to enjoin such violations from occurring in the future pursuant to § 775C.6(A)(1), and to recover $500.00 for each violation pursuant to § 775C.6(A)(2) (or up to $1,500.00 for each violation committed knowingly or willfully pursuant to § 775C.6(B)).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

13. Since November 1, 2022, Plaintiff has received, at the 9020 Number, at least one text message that Defendant made or knowingly allowed another person to make on its behalf.

14. For example, on or about February 20, 2023, Defendant made, or knowingly allowed to be made on its behalf, a text message to the 9020 Number that stated as follows:

> Getting hired can be so easy. Download the Jobble app now to find work, get hired & get paid: https:// itbl.co/PNB~6FIbi

15. The text messages that Defendant made or knowingly allowed another person to make on its behalf to Plaintiff's 9020 Number constituted "commercial telephonic sales calls" within the meaning of the OTSA.

16. Plaintiff is the "regular user of" the 9020 Number, and is therefore the "called party" with respect to the subject text messages made by or on behalf of Defendant to the 9020 Number. *See* § 775C.2(1).

17. Each text message sent by or on behalf of Defendant to Plaintiff's 9020 Number originated from the telephone number (844) 955-1264, which is number leased or owned by or on behalf of Defendant that Defendant uses or knowingly allows another person to use to transmit commercial telephonic sales calls, in the form of text messages, to consumers in an automated and *en masse* fashion.

18. All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff's 9020 Number occurred using an "automated system for the selection or dialing of telephone numbers" within the meaning of Okla. Stat. tit. 15, § 775C.3(A). Specifically, Defendant utilized an "automated system for the selection or dialing of telephone numbers" to transmit the subject text messages to Plaintiff's 9020 Number because such messages were sent from telephone numbers used to message consumers *en masse*; because Defendant's dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls or texts simultaneously; and because the hardware and software used by Defendant to send such messages have the capacity to both select numbers to be dialed and to dial such numbers in an automated fashion. And indeed, Defendant (or another person Defendant knowingly allowed to act on its behalf) actually transmitted the text messages at issue in this case to Plaintiff in an automated fashion, with hardware and software that automatically selected and dialed Plaintiff's 9020 Number and the other telephone numbers to which it transmitted such text messages.

19. Because Plaintiff's cellular phone alerts her whenever she receives a text message, each commercial telephonic sales call by or on behalf of Defendant to Plaintiff's 9020 Number invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion upon receipt.

20.     Plaintiff has never provided her "prior express written consent" to Defendant or any other party acting on Defendant's behalf to authorize the subject commercial telephonic sales calls to the 9020 Number by means of an "automated system for the selection or dialing of telephone numbers" within the meaning of Okla. Stat. tit. 15, § 775C.2(3). Indeed, prior to making (or knowingly allowing another person to make on its behalf) the subject commercial telephonic sales calls to Plaintiff's 9020 Number, Defendant lacked a signed written agreement with Plaintiff that complies with the requirements of Okla. Stat. tit. 15, § 775C.2(3).

## CLASS ALLEGATIONS

21.     <u>Class Definition</u>. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Okla. Stat. tit. 12, § 2023. The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons who, at any time since November 1, 2022, received, at a telephone number assigned an Oklahoma area code, a commercial telephonic sales call made by or on behalf of Defendant using the same type of equipment used to make commercial telephonic sales calls to Plaintiff.

Excluded from the class are Defendant, its officers and directors, members of the immediate families of the foregoing, legal representatives, heirs, successors, or assigns of the foregoing, and any entity in which Defendant has a controlling interest.

22.     Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

23. The members of the class are ascertainable because the class is defined by reference to objective criteria. In addition, the members of the class are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and/or by third parties.

24. Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates, agents, or subsidiaries acting on its behalf.

25. This Class Action Complaint seeks injunctive relief and monetary damages.

26. Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the OTSA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

27. This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

28. <u>Numerosity</u>. The number of persons within the Class is substantial, believed to amount to at least several thousand persons dispersed throughout Oklahoma, who collectively received at least tens of thousands of commercial telephonic sales calls by or on behalf of Defendant since November 1, 2022. It is, therefore, impractical to join each member of the Class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. The disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

29. <u>Typicality</u>. Plaintiff received at least one commercial telephonic sales call from Defendant since November 1, 2022 while in Oklahoma, and Defendant lacks any record establishing Plaintiff's "prior express written consent." Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members she seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's OTSA-violative misconduct as alleged herein.

30. <u>Adequacy</u>. As the proposed Class representative, Plaintiff has no interests adverse to or which conflict with the interests of the absent members of the Class, and she is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue these claims. If necessary as the litigation (including discovery) progresses, Plaintiff may seek leave to amend this Class Action Complaint to modify the Class definition set forth above, add additional Class representatives, or assert additional claims.

31. <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Plaintiff's counsel are experienced in handling complex class action claims, including in particular claims brought under consumer protection and data-privacy statutes similar to the OTSA.

32. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any Class member, include (but are not limited to) the following:

    a. Whether Defendant made or knowingly allowed another person to make the subject text messages to Plaintiff's and Class members' cellular telephones;

    b. Whether such text messages constitute "commercial telephonic sales calls" within the meaning of the OTSA;

    c. Whether such text messages were sent using an "automated system for the selection or dialing of telephone numbers" within the meaning of Okla. Stat. tit. 15, § 775C.3(A);

    d. Whether Defendant can meet its burden to show that it obtained "prior express written consent" to transmit the subject text messages within the meaning of Okla. Stat. tit. 15, § 775C.2(3), assuming such an affirmative defense is timely raised;

    e. Whether any of the violations of the OTSA committed by or on behalf of Defendant were knowing or willful;

    f. The amount of statutory damages to which Plaintiff and the Class are entitled as a result of any violations of the OTSA committed by or on behalf of Defendant; and

    g. Whether Defendant or any affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

33. <u>Superiority.</u> A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the prosecution of individual litigation on behalf of each Class member is impracticable. Even if every member of the Class could afford to pursue individual litigation, the court system could not; multiple trials of the same factual issues would magnify the delay and expense to all parties and the court system. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court

system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the OTSA and thus protect consumers' privacy. The interests of Class members in individually controlling the prosecution of separate claims is small because the statutory damages recoverable in an individual action for violation of the OTSA are likewise relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all automated and because Defendant lacks any record reflecting that it obtained the requisite prior express written consent from any Class member to be sent such messages. Class members can be readily located and notified of this class action by reference to Defendant's records and, if necessary, the records of Defendant's affiliates, agents, or subsidiaries and cellular telephone providers.

34. Additionally, the prosecution of separate actions by individual Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could also establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

35. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

36. On application by Plaintiff's counsel for class certification, Plaintiff may also seek certification of subclasses in the interests of manageability, justice, or judicial economy.

## CLAIM FOR RELIEF
### VIOLATION OF OKLAHOMA'S TELEPHONE SOLICITATION ACT
(Okla. Stat. tit. 15, § 775C.1, *et seq.*)

37. Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

38. Since November 1, 2022, Defendant has made, or knowingly allowed to be made on its behalf by another person, at least one text message to the 9020 Number, and Plaintiff received such text messages in Oklahoma. The 9020 Number is assigned an area code that corresponds to locations in Oklahoma.

39. Likewise, since November 1, 2022, Defendant has made, or knowingly allowed to be made on its behalf by another person, at least one text message to each of the telephone numbers regularly used by the members of the Class in Oklahoma.

40. Because Plaintiff is, and at all relevant times referenced herein was, the "regular user of" the 9020 Number, Plaintiff was the "called party" with respect to each of the text messages made by Defendant (or knowingly allowed to be made on its behalf by another person) to the 9020 Number. *See* Okla. Stat. tit. 15, § 775C.2(1).

41. At least one of the text messages made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to the 9020 Number constituted a "commercial telephonic sales call" within the meaning of the OTSA.

42. Likewise, at least one of the text messages made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to each of the telephone numbers regularly used by the members of the Class constituted a "commercial telephonic sales call" within the meaning of the OTSA.

43. Each of the commercial telephonic sales calls made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to Plaintiff's 9020 Number and to the Class members' telephone numbers occurred using an "automated system for the selection or dialing of telephone numbers" within the meaning of Okla. Stat. tit. 15, § 775C.3(A).

44. Prior to making or knowingly allowing another person to make on its behalf the subject commercial telephonic sales calls to Plaintiff and the members of the Class, Defendant failed to obtain the "prior express written consent" from Plaintiff or any member of the Class. Indeed, prior to making the subject commercial telephonic sales calls to Plaintiff's 9020 Number and to the telephone numbers regularly used by the members of the Class, Defendant lacked a signed written agreement with Plaintiff or any Class member that complies with the requirements of Okla. Stat. tit. 15, § 775C.2(3).

45. Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting Defendant's future transmission of commercial telephonic sales calls to the telephone numbers regularly used by Plaintiff and the members of the Class absent their prior express written consent pursuant to Okla. Stat. tit. 15, § 775C.6(A)(1), as well as an award of $500.00 in statutory damages for each violation of the OTSA committed by or on behalf of Defendant pursuant to Okla. Stat. tit. 15, § 775C.6(A)(2) (or $1,500 for each such violation committed willfully or knowingly pursuant to pursuant to Okla. Stat. tit. 15, § 775C.6(B)).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Angela Hughes prays for relief and judgment in favor of herself and the Class as follows:

A. Injunctive relief sufficient to ensure Defendant refrains from violating the OTSA in the future pursuant to Okla. Stat. tit. 15, § 775C.6(A)(1);

B. Statutory damages of $500.00 for herself and each Class member for each of Defendant's violations of the OTSA (or $1,500.00 for each such violation to the extent committed willfully or knowingly) pursuant to Okla. Stat. tit. 15, § 775C.6(A)(2) & (B);

C. An Order, pursuant to Okla. Stat. tit. 12, § 2023, certifying this action to be a proper class action, establishing an appropriate Class and any Subclass(es) the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the attorneys representing Plaintiff as counsel for the Class; and

D. An award of attorneys' fees and costs to Plaintiff's counsel pursuant to Okla. Stat. tit. 12, § 2023(G).

## DEMAND FOR JURY TRIAL

On behalf of herself and all others similarly situated, Plaintiff demands a trial by jury on all claims and issues so triable.

Dated this 30th day of May, 2023

By: /s/ Kathy R. Neal
Mary Quinn Cooper, OBA #11966
Kathy R. Neal, OBA #674
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two W. Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:   918-587-0000
Facsimile:   918-599-9317
Maryquinn.cooper@mcafeetaft.com
Kathy.neal@mcafeetaft.com

and

Frank S. Hedin
Arun G. Ravindran
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone:   305-357-2107
Facsimile:    305-200-8801
fhedin@hedinhall.com
aravindran@hedinhall.com

(out-of-state registration and pro hac vice application pending)

E. Powell Miller
Gregory A. Mitchell
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone:   248-841-2200
epm@millerlawpc.com
gam@millerlawpc.com

(out-of-state registration and pro hac vice application pending)

*Counsel for Plaintiff and the Putative Class*